UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NATHAN W.D. HOFHERR,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) Case No. 1:22-cv-00029-SLC |
| **COMMISSIONER OF SOCIAL SECURITY,** *sued as Martin O'Malley, Commissioner of the Social Security Administration*,[1] | ) ) ) ) ) ) |
| **Defendant.** | ) ) |

**OPINION AND ORDER**

Plaintiff Nathan W.D. Hofherr brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On November 8, 2023, pursuant to the parties' joint motion to remand (ECF 20), the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 21).

Hofherr's attorney, Jason Rodman ("Counsel"), now move pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $10,395.43, less an offset for $9,055.39 in fees previously collected, resulting in a net payment of $1,340.04 for Counsel's representation of Hofherr in federal court. (ECF 27).[2] The Commissioner does not oppose Counsel's fee request. (ECF 28). For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Kilolo Kijakazi in this case. *See Melissa R. v. O'Malley,* No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

[2] Hofherr was also represented by Randal Forbes of the same law firm Forbes Rodman. P.C. (ECF 27-1, 27-2). Therefore, "Counsel" as used herein shall refer to either Rodman, Forbes, or both.

*A. Factual and Procedural Background*

On January 11, 2022, Counsel entered into a fee agreement with Hofherr for his representation of Hofherr in federal court, in which Hofherr agreed to pay him 25 percent of any past-due benefits awarded to him. (ECF 27-1).[3]

On January 22, 2022, Hofherr filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Hofherr's favor and remanded the case to the Commissioner on November 8, 2022. (ECF 21, 22).

On December 5, 2022, Hofherr filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $9,055.39 in attorney fees and $81 in paralegal fees, for a total EAJA fee award of $9,136.39, seeking payment for Counsel's 38 hours (plus 0.9 hours of paralegal time) spent advocating for Hofherr's claim in federal court. (ECF 23, 23-3). On December 9, 2022, the Commissioner filed a response, indicating that the Commissioner did not oppose the motion. (ECF 25). The Court subsequently granted Hofherr's motion for EAJA fees. (ECF 26).

On January 11, 2024, the Commissioner sent a notice of award to Hofherr, informing that he was entitled to monthly disability benefits beginning February 2019 and $41,581.78 in past-due benefits. (ECF 27-5 at 1-2).[4]

On January 19, 2024, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of an award of $10,395.43, less an offset for $9,055.39 in EAJA fees previously collected, resulting in a net payment of $1,340.04 in attorney

---

[3] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[4] Thus, 25% of Hofherr's past-due benefits is $10,395.45.

2

fees and paralegal fees for Hofherr's representation before this Court. (*See* ECF 27, 27-1 to 27-5).[5]

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[6]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 416.1525(a).[7] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[8] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v.*

---

[5] Although the Court granted an EAJA award in the amount of $9.055.39 in attorney fees and $81 in paralegal fees, for a total of $9,136.39 in EAJA fees (ECF 26), Counsel informs that the $81 in paralegal fees "seems to have not been paid" (ECF 27 ¶ 4). The Commissioner does not address this point, and thus, the Court will assume Counsel did not collect the $81 in paralegal fees.

[6] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[7] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[8] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

*Berryhill*, 139 S. Ct. 517, 523 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $10,395.43 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, the Commissioner agrees that the requested fee does not exceed 25 percent of Hofherr's past-due benefits. (ECF 28).

Counsel contends that the requested fee award of $10,395.43 is reasonable for the 38 attorney hours and 0.9 paralegal hours spent representing Hofherr in federal court. (ECF 27 ¶¶

12-13). It is obvious that Counsel obtained a good result for Hofherr, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel did not request any extensions of time and thus did not contribute to any delay of the case. *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Further, Counsel's requested fee of $10,395.43 divided by the 38.9 hours spent on the case in federal court equates to an effective rate of approximately $267 per hour. (*See* ECF 27 ¶¶ 3, 13; ECF 27-2). This effective rate is well within the range of previous awards approved by this

Court. *See, e.g.*, *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul,* No. 1:17-cv-00090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $10,395.43, less the $9,055.39 in EAJA fees previously received, for a net award of $1,340.04. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees).

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 27) is GRANTED in the amount of $10,395.43, less $9,055.39 in EAJA fees previously received, for a net award of $1,340.04. The Commissioner shall pay Counsel $1,340.04 out of the award of past-due benefits in accordance with agency policy and release any remaining withheld past-due benefits to Hofherr.

SO ORDERED.

Entered this 26th day of February 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge