UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NATHAN W.D. HOFHERR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-cv-00029-ALT |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| *sued as Frank Bisignano, Commissioner* ) | |
| *of the Social Security Administration,*[1] ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Plaintiff Nathan W.D. Hofherr brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On November 8, 2023, pursuant to the parties' joint motion to remand (ECF 20), the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 21). Hofherr's attorney, Jason Rodman ("Counsel")[2], now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $16,944.31. (ECF 30).

On August 2, 2025, the Social Security Administration issued its Notice of Award to Hofherr awarding him retirement, survivors, and disability insurance benefits ("DIB") as of December 2018 and $109,359.00 in past-due benefits. (ECF 30-5 at 4). On January 11, 2024, the Social Security Administration issued Hofherr a Notice of Award awarding him supplemental security income ("SSI") as of February 2019 and $41,581.78 in past-due benefits, for which

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

[2] Hofherr was also represented by Randal S. Forbes, James Zender, and Ann E. Young of the same law firm as Rodman, Forbes Rodman. P.C. Therefore, "Counsel" as used herein shall refer to one or more of these four attorneys.

Plaintiff's attorneys have already gotten 406(b) attorney's fees. (ECF 29; *see also* ECF 30-6 at 1-2). Thus, subtracting $41,581.78 from $109,359.00, the remaining award for which attorney's fees are sought is $67,777.22. (ECF 30 at 3). Plaintiff's attorneys are seeking 25 percent of this award, which is $16,944.31. (*Id*.). The Commissioner does not support or oppose Counsel's fee request. (ECF 31). For the following reasons, the motion for attorney fees will be GRANTED.

A. *Factual and Procedural Background*

On January 11, 2022, Counsel entered into a fee agreement with Hofherr for their representation of Hofherr in federal court, in which Hofherr agreed to pay Counsel 25 percent of any past-due benefits awarded to him.[3] (ECF 30-1). On January 22, 2022, Hofherr filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Hofherr's favor and remanded the case to the Commissioner on November 8, 2022. (ECF 21, 22).

On December 5, 2022, Hofherr filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $9,055.39 in attorney fees and $81 in paralegal fees, for a total EAJA fee award of $9,136.39, seeking payment for Counsel's 38 hours (plus 0.9 hours of paralegal time) spent advocating for Hofherr's claim in federal court. (ECF 23, 23-3). On December 9, 2022, the Commissioner filed a response, indicating that the Commissioner did not oppose the motion. (ECF 25). The Court subsequently granted Hofherr's motion for EAJA fees. (ECF 26).

On January 11, 2024, the Commissioner sent a notice of award to Hofherr, informing that he was entitled to monthly SSI beginning February 2019 and $41,581.78 in past-due benefits. (ECF 30-6 at 1-2). On January 19, 2024, Counsel filed a motion pursuant to § 406(b), together

---

[3] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

with supporting documents, seeking the Court's approval of an award of $10,395.43, less an offset for $9,055.39 in EAJA fees previously collected, resulting in a net payment of $1,340.04 in attorney's fees. That motion was subsequently granted. (ECF 29).

On August 2, 2025, the Social Security Administration issued an additional Notice of Award informing Hofherr he was entitled to DIB beginning December 2018 and past due benefits in the amount of $109,359.00. (ECF 30-5 at 1, 4). This amount was inclusive of the previously awarded SSI benefits, for which § 406(b) attorney's fees have already been awarded. (*Id.*). Thus, subtracting the previous award of $41,581.78 from the total $109,359.00, the newly awarded past-due benefits total $67,777.22.

B. *Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.925(a), 416.1525(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).
[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id*.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

C. *Legal Analysis*

The Court is charged with determining whether Counsel's requested fee of $16,944.31 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

First, this amount is not in excess of 25 percent of the total past-benefits. The remaining past-due benefits which have not been considered for purposes of attorney's fees is $67,777.22,

---

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

and 25 percent of $67,777.25 is $16,944.31.[7] Thus, the requested fee of $16,944.31 is not in excess of 25 percent of the total past-due benefits.

Counsel contends that the requested fee award of $16,944.31 is reasonable "in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case." (ECF 30 at 4). Counsel obtained a good result for Hofherr, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Additionally, Counsel did not request any extensions of time and thus did not contribute to any delay of the case. *See id*. (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past-due benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); see *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social

---

[7] To do the math a different way, the total past-due benefits are $109,359.00, and 25 percent of $109,359.00 is $27,339.75. So, the limit of what Counsel can receive in total is $27,339.75. Counsel has already received $10,395.43 (inclusive of EAJA payment). Thus, $27,339.75 less the $10,395.43 is $16,944.32. So, Counsel's request of $16,944.31 is just below 25 percent of the total past-due benefits.

Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Lastly, Counsel's requested fee of $16,944.31, for a total of $27,339.75 divided by the 38.9 hours spent on the case in federal court, equates to a rate of $702.82 per hour. (ECF 30 at 5; ECF 30-2). While this rate is on the high side of the range of previous awards in this district and the Seventh Circuit, the Court does not find this award unreasonable on the circumstances presented. *See Bradley L. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable." (citation omitted)); *see also David v. Saul*, No. 1:19-CV-00245 JD, 2021 WL 534755, at *1 (N.D. Ind. Feb. 12, 2021) (finding $870.89 per hour to be reasonable); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $16,944.31.

D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 30) is GRANTED in the amount of $16,944.31. The Commissioner shall pay Counsel $16,944.31 out of the award of past-due benefits in accordance with agency policy and release any remaining withheld past-due benefits to Hofherr.

SO ORDERED.

Entered this 20th day of October 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge